HOUSTON, Justice.
The plaintiff, Emmett C. Kelley, as the father of Michael Kelley, appeals from the dismissal of this action seeking damages under Ala.Code 1975, § 6-5-70. We reverse and remand.
Emmett Kelley sued Ryals Services, Inc., alleging that it, through one of its agents, had unlawfully sold alcoholic beverages to his son, Michael, and that it was therefore liable in damages to him under § 6-5-70. Section 6-5-70, which was enacted originally as § 2467 of the 1907 Code of Alabama and which is referred to as the Civil Damages Act, provides:
“Either parent of a minor, guardian or a person standing in loco parentis to the minor having neither father nor mother shall have a right of action against any person who unlawfully sells or furnishes spirituous liquors to such minor and may recover such damages as the jury may assess, provided the person selling or furnishing liquor to the minor had knowledge of or was chargeable with notice or knowledge of such minority. Only one action may be commenced for each offense under this section.”
The defendant filed a Rule 12(b)(6), Ala. R.Civ.P., motion to dismiss the action, arguing that Michael, who was 19 years of age at the time of the alleged sale of alcoholic beverages to him, was not a “minor” within the meaning of § 6-5-70. The trial court granted that motion. This appeal followed.
The sole issue presented for our review is whether a person 19 years of age is a “minor” within the meaning of § 6-5-70.
The plaintiff relies on Ala.Code 1975, § 28-3A-25(a)(3) (part of the “Alcoholic Beverage Licensing Code,” Chapter 3A of Title 28, “Intoxicating Liquor, Malt Beverages and Wine”), which makes it unlawful for any licensee, either directly, or through its servants, agents or employees, to “sell,
deliver, furnish, or give away alcoholic beverages to any minor,” and on § 28-3-1(18) (part of Chapter 3 of Title 28, “Regulation and Control of Alcoholic Beverages in Wet Counties”), which defines the word “minor” in § 28-3A-25(a)(3) as “[a]ny person under 21 years of age, except a person 19 years of age or older prior to October 1, 1985.” The plaintiff also relies on Ala. Code 1975, § 28-1-5, which reads, in pertinent part, as follows:
“Notwithstanding the provisions of § 26-1-1, it shall be unlawful for a person less than 21 years of age to purchase, consume, possess or to transport any alcohol, liquor or malt or brewed beverages within the state of Alabama.
[[Image here]]
“Persons 19 years of age or older prior to October 1, 1985 are hereby exempt from the provisions of this section.”
The plaintiff argues that his son was a “minor” within the meaning of § 6-5-70 at the time he allegedly purchased the alcoholic beverages from the defendant, as evidenced by the aforementioned statutory provisions, which designate any person under 21 years of age a minor for the purpose of regulating the consumption of alcoholic beverages, with the exception, not applicable here, of a person who was 19 years of age or older prior to October 1, 1985.
The defendant contends that when Ala. Code 1975, § 26-1-1 (“Age of majority designated as 19 years”), was enacted, the Legislature, for the purpose of regulating the consumption of alcoholic beverages, intended to remove the disabilities of minority as to all persons upon their reaching 19 years of age. It argues that the Legislature increased the legal drinking age to 21 years only to avoid losing a portion of Alabama’s allocated federal highway funds, and that the Legislature never intended for a person over 19 years of age to qualify as a “minor” under § 6-5-70. In support of its position, the defendant cites us to Public Law 98-363, 98th Congress, July 17,1984, 98 Stat. 437 et seq., 23 U.S.C. § 158, which provides for the withholding of certain funds from any state “in which *1373 the purchase or public possession in such State of any alcoholic beverage by a person who is less than twenty-one years of age is lawful.”. The defendant has also called our attention to the code commissioner’s note to § 28-1-5, which states: “Section 4 of Acts 1985, No. 85-687 provides that the act shall remain in effect only so long as section 6 of Public Law 98-363, 98th Congress, July 17,1984, 98 Stat. 437 et seq., 23 U.S.C. section 158, shall be in effect,” and to § 28-3-1(18), which provides that “[i]n the event ... section 28-1-5 shall be repealed or otherwise shall be no longer in effect, thereafter the provisions of section 26-1-1 shall govern.”
After carefully reviewing the applicable statutory provisions, we must disagree with the defendant’s contention that a person who has reached 19 years of age is no longer a “minor” within the meaning of § 6-5-70. Of course, the polestar by which we are guided in this case is legislative intent. John Deere Co. v. Gamble, 523 So.2d 95 (Ala.1988). As the plaintiff contends, the Legislature has, for the purpose of regulating the consumption of alcoholic beverages, increased the age of majority for purchasing and consuming alcoholic beverages in this state to 21 years. The legislative intent in this regard could not be clearer. On the other hand, the defendant appears to be quite correct that the Legislature was motivated to set the legal drinking age at 21 years primarily out of a concern that Alabama would lose much-needed federal funding for its highway program if the legal drinking age was not set at 21 years. We are persuaded, however, that regardless of the motivation, the fact remains that the Alabama Legislature did increase the legal drinking age to 21 years. Therefore, with regard to the right to consume alcoholic beverages, persons under 21 years of age in this state have not been relieved of the disabilities of minority. The Legislature enacted § 6-5-70 to provide a cause of action to the parents, guardians, or persons standing in loco parentis to persons under the legal drinking age, allowing them to recover damages for the illegal sale of alcoholic beverages to such persons. Prior to the enactment of § 26-1-1 in 1975, which reduced the age of majority from 21 to 19 years, § 6-5-70 provided a cause of action against anyone who sold or furnished alcoholic beverages to a person under 21 years of age. In other words, prior to the enactment of § 26-1-1, a person under 21 years of age was a “minor” within the meaning of § 6-5-70. See Title 29, § 8, Code 1940 (“No liquor shall be sold, given or served to persons under the age of twenty-one years”). Contrary to the defendant’s contention, we can find no indication that the Legislature, albeit motivated by an act of Congress to reset the legal drinking age at 21 years, intended to exclude persons between 19 and 21 years of age from the protections that had previously been afforded to them by virtue of the cause of action provided in § 6-5-70, or to deny their parents, guardians, etc., the remedy provided by § 6-5-70. See Espey v. Convenience Marketers, Inc., 578 So.2d 1221, 1230 (Ala.1991), where this Court noted:
“In [1907], the legislature enacted the Civil Damages Act as a provision of the 1907 Code of Alabama. Considering the tone of the times in which the statute was enacted as a provision of the Code and considering the statute on its face, we hold that the Civil Damages Act is a ‘temperance’ or ‘prohibition’ provision, intended to deter the sale of ‘spirituous liquors’ to minors, to deter the intoxication of the minor that would result from such a sale, and to provide a remedy for the aggrieved parties that the Act describes.”
To hold as the defendant suggests would be totally inconsistent with the public policy objective established by the Legislature — to prevent the purchase and consumption of alcoholic beverages by persons under the legal drinking age.
We note that in Espey, this Court, after reviewing the provisions of Title 28, held that the definition of “liquor” contained in § 28-3-1(15), was “associated with specific regulatory statutes that are not related to the Civil Damages Act.” 578 So.2d at 1228. The Court went on to state as follows:
*1374 “Furthermore, § 28-3-1 itself limits its field of application to three provisions in Title 28: Title 28, chapter 3, the Alabama Table Wine Act, and the Alcoholic Beverage Licensing Code, § 28-3A-1 et seq. Even within those provisions, § 28-3-1 itself allows the definition to be modified if ‘the context clearly indicates otherwise.’ § 28-3-1. Accordingly, we find that § 28-3-l(15)’s definition of ‘liquor’ is not determinative of the definition of the term ‘spirituous liquors’ in the Civil Damages Act.”
578 So.2d at 1228. The defendant suggests that if the Court’s rationale in Espey is applied here, then the definitions of the word “minor” contained in the regulatory provisions of Title 28 that are relied on by the plaintiff (i.e., §§ 28-1-5 and 28-3-1(18) cannot be considered in construing § 6-5-70). This Court held in Espey that the definition of “liquor” in § 28-3-1(15), when considered in light of the historical background of § 6-5-70, was not controlling on the question of whether the Legislature intended for beer to qualify as a “spirituous liquor” within the meaning of § 6-5-70.[1] In the present case, the Legislature’s intent to prohibit the purchase and consumption of alcoholic beverages by persons under 21 years of age is clear, as evidenced by the applicable provisions of Title 28 that reinstated the disabilities of minority for persons under 21 years of age as to the purchase and consumption of alcoholic beverages. This Court did not mean to suggest in Espey that the legislative intent expressed in the provisions of Title 28 should never be considered in construing provisions outside of that title, such as § 6-5-70. To the contrary, the Court in Espey considered the provisions of Title 28, but reasoned, nevertheless, that the Legislature must have meant for the term “spirituous liquor” to include beer, “because to hold otherwise would defeat the purpose of the statute.” 578 So.2d at 1231. Therefore, if the Court’s rationale in Espey is applied here, the word “minor” contained in § 6-5-70 must be construed as having the same definition as the word “minor” contained in the provisions of Title 28, “because to hold otherwise would defeat the purpose of [§ 6-5-70].” Id.
For the foregoing reasons, we hold that a person under 21 years of age is a “minor” within the meaning of § 6-5-70. Accordingly, the judgment of the trial court dismissing the plaintiff’s action is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX and SHORES, JJ., concur.
KENNEDY, J., concurs in the result.

. The author dissented on this issue in Espey.